# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Joseph Emerson,                                    Case No. 3:19CV366

    Plaintiff

    v.                                             ORDER

Stewart Beal,

    Defendant

    Joseph Emerson brings this *pro se* action against Stewart Beal of Beal Property.

    Briefly stated, plaintiff's claims are "discrimination unemployment and job wages" and "blackballed jobs." (Doc. 1 at 3). In essence, he complains that 1) he was denied unemployment benefits; 2) Beal Property gave others preference when assigning jobs; and 3) he could not get a job after quitting Beal Property. (Doc. 1-1 at 1). As relief, Emerson seeks $200,000 for himself and $100,000 to purported co-plaintiffs Anthony Sawyer and Lavelle, which, it appears, supplied labor to Beal Property.[1]

    I will dismiss the complaint for a lack of subject matter jurisdiction.

    Emerson alleges that jurisdiction is proper under 28 U.S.C. § 1331. He is incorrect.

    Federal courts lack subject-matter jurisdiction "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial or frivolous." *Bell v.*

---

[1] Emerson does not identify either of these two entities as plaintiffs, but he includes "*et al.*" in the space where his form complaint asks for plaintiffs' names. (*See* Doc. 1).

1

*Hood*, 327 U.S. 678, 682-83 (1946); *see also Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008).

Emerson's claims are "wholly insubstantial and frivolous." *Bell*, *supra*, 327 U.S. at 682-83. Indeed, he identifies no federal laws that could afford him relief.

Moreover, even construing the complaint so liberally as to assume Emerson alleges an employment discrimination claim, he neither claims nor implies that Beal discriminated against him based on a federally protected characteristic. *See* 29 U.S.C. §§ 621, *et seq.* (prohibiting discrimination based on age); 42 U.S.C. §§ 2000e, *et seq.* (prohibiting discrimination based on race, color, religion, sex, or national origin); 42 U.S.C. § 12101, *et seq.* (prohibiting discrimination based on disability).

Finally, to the extent Emerson alleges he is entitled to unemployment benefits, state – not federal – law governs his claim. *See Ohio Bureau of Emp't Servs. v. Hodory*, 431 U.S. 471, 482-83 (1977) (explaining that "Congress did not intend to restrict the ability of the States to legislate" about who may recover unemployment compensation).

For these reasons, Emerson's complaint is so frivolous and insubstantial as to fall outside the court's federal-question jurisdiction.

**Conclusion**

It is, therefore,

ORDERED THAT

1. This action (Doc. 1) be, and the same hereby is, dismissed for lack of subject-matter jurisdiction; and

2. I hereby certify, in accordance with 28 U.S.C. § 1915(a)(3), that an appeal from this decision would not be in good faith and shall not be allowed without prepayment of the filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge